IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PEARLETTE SARACEIN MOURNING,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DEPARTMENT OF DEFENSE,**<br><br>**Defendant.** | Case No. 23-CV-03290-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This case comes before the Court on the Defendant Department of Defense's ("Department") Motion to Dismiss (Doc. 12) the Complaint of Plaintiff Pearlette Saracein Mourning pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Motion is granted.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2020, the Department terminated Mourning's employment for "Violence in The Workplace" incidents. (Doc. 4, pp. 6-7). After she unsuccessfully engaged agency review through an Equal Employment Opportunity Commission complaint, Mourning subsequently filed an appeal with the Merit Systems Protection Board ("Board"), in which she contested the Department's decision to terminate her and alleged that the Department racially discriminated and retaliated against her. (*Id.* at 5, 8, 10). On September 28, 2022, the Board affirmed the Department's decision to terminate Mourning. (*Id.* at 5, 14). The Board's Certificate of Service provided that the decision was immediately delivered to Mourning via electronic mail on September

28, 2022. (*Id*. at 23). The decision informed Mourning that the initial decision would become final on November 2, 2022 and that she could: (1) request review of her discrimination claims by filing a request with the Equal Employment Opportunity Commission within thirty calendar days of her receipt of the decision; (2) file a civil action against the Department regarding her discrimination claim and other claims in the appropriate district court within thirty calendar days of her receipt of the decision; or (3) file an appeal with the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), concerning all claims except discrimination claims, no later than sixty days after her receipt of the decision. (*Id*. at 15-21).

On January 5, 2023, Mourning filed a petition for review with the Federal Circuit. (Doc. 2). The case was later dismissed for failure to prosecute. (Doc. 4 at 26-27). Several months afterwards, on June 1, 2023, Mourning submitted a motion to proceed in forma pauperis, a statement concerning her discrimination claim, and an informal opening brief. (Doc. 1 at 2-4). On October 5, 2023, the Federal Circuit recalled its mandate, vacated the dismissal, reinstated the case, and transferred the case to this Court because it lacked jurisdiction to review Mourning's discrimination claim. (*Id*.).

The previous petition for review to the Federal Circuit was filed as Mourning's operative complaint in this Court. (Doc. 2). The Complaint alleged "microaggressions of racism while working in a Federal organization." (*Id*.). The Department moved to dismiss the claim. (Doc. 12). Mourning did not respond substantively to the Motion. (Doc. 17).

### APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Additionally, the court may take judicial notice of documents, including documents contained in the public record and reports of administrative bodies, without converting a motion to dismiss into a motion for summary judgment. *See 520 S. Mich. Ave. Assocs. Ltd. v. Shannon,* 549 F.3d 1119, 1137–38 n. 14 (7th Cir. 2008); *see also McFarland-Lawson v. Ammon*, 847 F. App'x 350, 355 (7th Cir. 2021).

ANALYSIS

The Department argued that Mourning's discrimination claim was untimely. An individual seeking review of discrimination claims must file an action in the district court within thirty days of receiving notice of the Board's final decision. *See* 5 U.S.C. § 7703(b)(2); *see also* 29 C.F.R. § 1614.310(b). Here, Mourning received electronic notice on September 28, 2022 when the Board issued its initial decision, which was then finalized on November 2, 2022. Mourning had until December 2, 2022 (i.e., thirty days from November 2, 2022) to file her discrimination claim in the appropriate district court. **More than sixty days later**, on January 5, 2023, Mourning filed her petition for review with the Federal Circuit. The Federal Circuit subsequently transferred the case to this Court because it lacked jurisdiction over Mourning's discrimination claim.[1] Mourning could not have filed an action in this Court on January 5, 2023, the day she filed her petition in the Federal Circuit, because more than thirty days had passed since Mourning received notice of the Board's final decision.

Furthermore, the United States Court of Appeals for the Seventh Circuit has stated that "a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss." *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (citations omitted). In this case, Mourning did not substantively respond to the Motion.

Thus, Mourning's petition for review of her discrimination claim is untimely.

---

[1] The Federal Circuit had authority to transfer the action to any court where the action could have been brought at the time it was filed. *See* 28 U.S.C. § 1631.

## CONCLUSION

For the foregoing reasons, the Department's Motion to Dismiss (Doc. 12) is **GRANTED**. This action is **DISMISSED with prejudice** because amendment would be futile. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:  May 13, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
